**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4349

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IRA LEONARD JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:17-cr-00724-RMG-1)

Submitted:  July 20, 2022                    Decided:  September 26, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira Leonard Johnson pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court calculated Johnson's Guidelines range under the U.S. Sentencing Guidelines Manual (2018) at 63 to 78 months' imprisonment and sentenced Johnson to 63 months in prison and 3 years of supervised release.  Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal but questioning whether the district court reversibly erred in accepting Johnson's guilty plea and whether his 63-month prison sentence is reasonable.  Although advised of his right to file a pro se supplemental brief, Johnson did not do so.  The Government declined to file a response brief.  After conducting our *Anders* review, we ordered supplemental briefing to address the potentially meritorious issue of whether there is reversible error in this case under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), and the parties filed supplemental briefs on this issue.  We affirm.

We turn first to counsel's initial claim questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11 in accepting Johnson's guilty plea.  In federal cases, this rule "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969).  "Before accepting a guilty plea, [the district] court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is

2

relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (citing Fed. R. Crim. P. 11(b)).  "The court also must determine that the plea is voluntary and that there is a factual basis for the plea." *Id.*  Because Johnson did not move in the district court to withdraw his guilty plea, we review the district court's acceptance of it for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).  "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.*  In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's error.  *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014).  We retain the discretion to correct such an error but will do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lockhart*, 947 F.3d at 191 (internal quotation marks omitted).

Our review of the record leads us to conclude that the district court's omissions under Rule 11 did not affect Johnson's substantial rights.  The record also reveals that the plea was supported by an independent basis in fact and that Johnson entered the plea voluntarily and with an understanding of the consequences.  We therefore discern no plain error warranting correction in the acceptance of Johnson's guilty plea.

We turn next to counsel's claim challenging Johnson's prison sentence.  We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  This review entails

3

consideration of both the procedural and substantive reasonableness of the sentence. *See id.* In determining whether a sentence is procedurally reasonable, this court "considers whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If we determine the district court did not commit procedural error, we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). Any sentence that is within a properly calculated Guidelines range is presumptively substantively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

After review of the record, we conclude that the district court did not reversibly err in calculating Johnson's Guidelines range, afforded counsel an adequate opportunity to argue for an appropriate sentence, and properly heard allocution from Johnson and a statement from his supporter. After considering these statements and the arguments of counsel, the advisory Guidelines range, and the 18 U.S.C. § 3553(a) factors, the district court determined that a 63-month prison sentence was warranted based on the nature and circumstances of Johnson's offense conduct, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of the offense, to promote respect for

4

the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public, 18 U.S.C. § 3553(a)(1), (2)(A)–(C). The court's explanation was sufficient to support the imposition of this term, and Johnson does not overcome the presumption of reasonableness afforded to it. We thus discern no abuse of discretion by the district court in its imposition of the 63-month prison term.

Turning to the parties' supplemental briefs, in *Rogers*, this court held that a district court must orally pronounce all discretionary conditions of supervised release at the defendant's sentencing hearing. 961 F.3d at 296–99. Discretionary conditions of supervised release that appear for the first time in a written criminal judgment are nullities; a defendant has not been sentenced to these conditions, requiring a remand for resentencing. *Singletary*, 984 F.3d at 344, 346 & n.4 (stating that remedy for *Rogers* error "is to vacate the sentence and remand for the district court to resentence" defendant and rejecting Government's contention that vacatur should be limited to supervised release portion of sentence). A review of the record in this case reveals that the criminal judgment sets forth the three-year supervised release term the district court orally ordered Johnson to serve, mandatory conditions of supervised release, two discretionary special conditions of supervised release, and thirteen discretionary standard conditions of supervised release. At the sentencing hearing, the district court orally ordered that Johnson comply with the mandatory conditions required by 18 U.S.C. § 3583(d) and the two discretionary special conditions. Johnson argues that there is reversible error here under *Rogers* and *Singletary* because the district court did not orally pronounce the thirteen discretionary standard conditions of supervised release at the sentencing hearing.

5

This court "made clear in *Rogers* that a [district] court may satisfy its requirement to announce discretionary conditions by incorporating all Guidelines standard conditions when it pronounces a supervised-release sentence." *United States v. Cisson*, 33 F.4th 185, 194 (4th Cir. 2022) (cleaned up).[*] We conclude that this is what the district court did here when it orally adopted the presentence report listing the thirteen discretionary standard conditions of supervision that U.S.S.G. § 5D1.3(c), p.s., recommended for imposition during a term of supervised release and orally pronounced that Johnson would have to comply with "the standard" conditions of supervised release. *See id.* (observing that District of South Carolina has no standing order listing its own standard supervision conditions that differs from list of standard conditions found in § 5D1.3(c) of Guidelines and that, as a result, there was "no other set of 'standard' conditions to which the court could have been referring other than the Guidelines 'standard' conditions" when it stated at sentencing it was imposing "standard conditions" of supervised release). The district court thus satisfied the requirement to orally pronounce these discretionary conditions that appear in the criminal judgment through incorporation.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment.

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

---

[*] *Cisson* issued during the pendency of supplemental briefing.

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*